The Honorable Tana Lin

**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JORDYN FORD, STEVEN JARRELL, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>WFS EXPRESS, INC.; WORLDWIDE FLIGHT SERVICES, INC.; and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-03034-TL<br><br>**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING AGREEMENT TO MEDIATE, STAY CASE, AND VACATE DATES AND DEADLINES PENDING MEDIATION** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs JORDYN FORD and STEVEN JARRELL ("Plaintiffs") and Defendants WFS EXPRESS, INC. and WORLDWIDE FLIGHT SERVICES, INC. ("Defendants") (collectively, "the Parties"), by and through their respective attorneys of record, hereby stipulate and agree to the following:

**WHEREAS**, on August 26, 2026, Defendants removed this action to the United States District Court for the Western District of Washington, where it is currently pending, Case No. 2:26-cv-03034-TL (the "Action");

**WHEREAS**, the Parties agreed to mediate the Action on a class basis with a well-respected mediator, Cliff Freed, Esq. on April 7, 2027;



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021

WHEREAS, Defendant WFS Express, Inc. is party to a nearly identical lawsuit to the present matter entitled *Foster et al v. Worldwide Express, Inc.*, KCSC Case no. 25-2 38078-5, which has recently settled in principle following mediation, with an expected motion for preliminary approval of a class-based settlement to be filed within 10 days of the submission of this joint stipulation;

**WHEREAS**, to enable the Parties to meaningfully discuss the merits of the Action and Defendants' potential legal exposure throughout the course of good faith settlement discussions, Defendant Worldwide Flight Services, Inc. ("WFS") will provide the following information and documents ("Informal Production") to counsel for Plaintiffs:

a. The total number of hourly-paid or non-exempt employees who worked for Defendant WFS in the State of Washington ("Class Members") from August 4, 2023, to present ("Covered Period");

b. The number of Class Members whose employment was terminated during the Covered Period;

c. The total number of workweeks worked by Class Members during the Covered Period;

d. The total number of shifts worked by Class Members during the Covered Period;

e. The average hourly rate of Class Members during the Covered Period;

f. The total number of additional payments paid to Class Members during the Covered Period for non-compliant meal periods;

g. The total dollar amount paid to Class Members during the Covered Period as additional compensation for non-compliant meal periods;

h. The total number of additional payments paid to Class Members during the Covered Period for non-compliant rest periods;



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021

i. The total dollar amount paid to Class Members during the Covered Period as additional compensation for non-compliant rest periods;

j. The number of hourly-paid or non-exempt employees who worked for Defendant WFS at SeaTac ("Subclass Members") during the Covered Period;

k. The total number of workweeks worked by WFS-employed Subclass Members during the Covered Period;

l. The total number of shifts worked by WFS-employed Subclass Members during the Covered Period;

m. All of Defendant WFS's policies, practices, and procedures during the Covered Period for Class Members relating to timekeeping, overtime compensation, meal breaks, rest breaks, paid sick time, and reimbursement of necessary business-related expenses;

n. All of Defendant WFS's employee handbook(s) during the Covered Period for Class Members;

o. A random, 33% sampling of time records and corresponding wage statements for Class Members during the Covered Period, preferably in an excel format, selected by alphabetizing the entire list of Class Members by last name then choosing the first individual on the list and every third individual on the list for sampling; and

p. A key/legend to explain any codes present in the time and pay records;

q. Defendant WFS Express will provide the above-referenced Motion for Preliminary Approval in the Foster case within 3 days of its filing.

**WHEREAS**, Plaintiffs will treat the entirety of Defendants' Informal Production as privileged and confidential, to be used only for the purposes of mediation and settlement, unless the Parties subsequently agree otherwise in writing;



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021

**WHEREAS**, Plaintiffs require adequate time to review and analyze Defendants' Informal Production prior to engaging in settlement discussions;

**WHEREAS**, Defendants agree to complete and produce to counsel for Plaintiffs the Informal Production no later than six (6) weeks prior to the scheduled mediation;

**WHEREAS**, should Defendants fail to produce the entirety of the Informal Production to counsel for Plaintiffs upon the mutually agreed upon deadline, Defendants shall be fully responsible for all resulting cancellation and/or rescheduling fees imposed by the mediator;

**WHEREAS,** the Parties agree to a stay of this Action pending mediation;

**WHEREAS,** the Parties contemplate that this agreement to engage in Informal Production rather than formal discovery for purposes of mediation will result in delay in formal discovery in preparation of Plaintiffs' motion for class certification and trial;

**WHEREAS,** on September 1, 2026, the Court filed an Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 12), where the Court set dates and deadlines for this Action;

**WHEREAS,** the Parties agree to an order from the Court vacating the dates and deadlines listed in the Court's September 1, 2026 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, to be reset at a future date after the mediation;

**WHEREAS,** should the mediation fail to resolve this Action, or if the mediation is canceled for whatever reason, the Parties shall seek to lift the stay and request that the Court enter a new Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement;

**WHEREAS**, as a pre-condition for early mediation and a stay of the Action, Defendants agree: (1) not to obtain releases from any Class Members relating to any of the claims in this Action; and, (2) not to attempt to negotiate a settlement of any of the claims in this Action with any other law firm during the pendency of the stay of this Action and the scheduled mediation.



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021

**IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO, THROUGH THEIR RESPECTIVE COUNSEL, AS FOLLOWS:**

(1) The Parties will attend mediation with Cliff Freed, Esq. on April 7, 2027.

(2) Defendants will provide the Informal Production to counsel for Plaintiffs no later than six (6) weeks prior to the mediation date.

(3) Pursuant to FRE 408, Plaintiffs will treat the entirety of Defendants' Informal Production as privileged and confidential, to be used only for the purposes of mediation and settlement, unless the Parties subsequently agree otherwise in writing.

(4) In the event that Defendants are unable to produce the entirety of the Informal Production to counsel for Plaintiffs upon the mutually agreed upon deadline, Defendants shall be fully responsible for all resulting cancellation and/or rescheduling fees imposed by the mediator.

(5) The Parties agree to a stay of this Action pending mediation.

(6) The Parties agree that the dates and deadlines listed in the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, shall be vacated, to be reset at a future date after the mediation.

(7) Should the mediation fail to resolve this Action, or if the mediation is canceled for whatever reason, the Parties shall seek to lift the stay and request that the Court enter a new Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement.

(8) Defendants will not obtain releases from Class Members during the pendency of mediation.

(9) Except with regard to the *Foster* case against WFS Express referenced above, Defendants will not attempt to negotiate a settlement of any of the claims in this Action with any other law firm during the pendency of the stay of this Action and mediation;

**IT IS SO STIPULATED.**



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021

Dated: 11/3/2026

**LAWYERS *for* JUSTICE, P.C.**

By: /s/ Chad Saunders
Chad Saunders, WSBA #65554
*Attorneys for* Plaintiff

Dated: 11/3/2026

**FISHER & PHILLIPS, LLP**

By: /s/ Greg Hendershott
Greg Hendershott, WSBA #27838
*Attorneys for* Defendants



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021

**~~[PROPOSED]~~ ORDER**

The Court, having reviewed the Parties' Joint Stipulation Regarding Agreement to Mediate, Stay Case, and Vacate Dates and Deadlines Pending Mediation ("Stipulation"), and good cause appearing therefor, **HEREBY ORDERS AS FOLLOWS:**

1. The Parties will attend mediation with Cliff Freed, Esq. on April 7, 2027.
2. Defendants will provide the Informal Production, described in the Stipulation, to counsel for Plaintiffs no later than six (6) weeks prior to the mediation date.
3. Plaintiffs will treat the entirety of Defendants' Informal Production as privileged and confidential, to be used only for the purposes of mediation and settlement, unless the Parties subsequently agree otherwise in writing.
4. In the event that Defendants are unable to produce the entirety of the Informal Production to counsel for Plaintiffs upon the mutually agreed upon deadline, Defendants shall be fully responsible for all resulting cancellation and/or rescheduling fees imposed by the mediator.
5. This Action is hereby STAYED pending mediation.
6. All dates and deadlines listed in the Court's September 1, 2026 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, including the trial date, are hereby VACATED, to be reset at a future date.
7. The Court shall lift the stay and enter a new Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement upon application of the Parties, which shall be filed within 30 days of a failed, or canceled, mediation.
8. Pending completion of the mediation, Defendants shall not obtain individual releases from Class Members regarding the claims alleged in this lawsuit.
9. Defendants will not attempt to negotiate a settlement of any of the claims in this Action



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021

with any other law firm during the pendency of the stay of this Action and mediation.

**IT IS SO ORDERED.**

Dated: November 4, 2026

Hon. Tana Lin
U.S. District Court Judge

Presented By:

*Chad Saunders*
Chad Saunders, WSBA # 65554
**Lawyers *for* Justice, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101-3936
Phone: (425) 521-5121
Email: c.saunders@calljustice.com
*Attorneys for* Plaintiffs

*Greg Hendershott*
Greg Hendershott, WSBA #27838
**Fisher Phillips**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 693-5092
Email: ghendershott@fisherphillips.com
*Attorneys for* Defendants